990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nicholas STERNER, Defendant-Appellant.
 No. 92-50372.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nicholas Sterner appeals his convictions, following a jury trial, for conspiracy to sell, exchange and deliver stolen U.S. Treasury checks and selling, exchanging and delivering stolen U.S. Treasury checks in violation of 18 U.S.C. §§ 371, 510(b). Sterner contends that the district court erred by denying his motion for a new trial because the jurors relied on a dictionary during deliberations. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion a district court's denial of a motion for a new trial. United States v. LaFleur, 971 F.2d 200, 206 (9th Cir.1991), cert. denied, 113 S.Ct. 1292 (1993). "Although we review alleged juror misconduct independently, we accord 'substantial weight' to the district court's conclusion as to the effect of the misconduct." Id.; accord United States v. Madrid, 842 F.2d 1090, 1092 (9th Cir.), cert. denied, 488 U.S. 912 (1988). The district court is " 'uniquely qualified to appraise the probable effect of information on the jury, the materiality of the extraneous material, and its prejudicial nature.' " United States v. Steele, 785 F.2d 743, 746 (9th Cir.1986) (quoting United States v. Bagnariol, 665 F.2d 877, 885 (9th Cir.1981), cert. denied, 456 U.S. 962 (1982)).
 
 
 4
 "Jurors have a duty to consider only the evidence which is presented to them in open court." Bayramoglu v. Estelle, 806 F.2d 880, 887 (9th Cir.1986). Jurors' unauthorized reference to dictionary definitions constitutes reversible error which the government must prove harmless beyond a reasonable doubt. Marino v. Vasquez, 812 F.2d 499, 505 (9th Cir.1987); United States v. Kupau, 781 F.2d 740, 744 (9th Cir.), cert. denied, 479 U.S. 823 (1986).
 
 
 5
 Here, the district court conducted an evidentiary hearing to determine if the jury was exposed to extraneous material during its deliberations. Sterner submitted the affidavits of jurors Carol dePaszthory and Lana Clark in support of his motion for a new trial based upon juror misconduct. Juror dePaszthory's affidavit indicated that she brought a dictionary into the deliberations and looked up the words "entrapment," "induce" or "inducement," "persuade" and "delivery." Juror Clark's affidavit indicated that the jury only looked up the words "delivery" and "previous." In opposition, the government submitted the affidavits of the other ten jurors which all indicated that no dictionary was used during deliberations. Juror Susan Smith, however, indicated that she brought a piece of paper with the definition of a word, possibly "entrapment," to the deliberations and read it aloud.
 
 
 6
 The district court found that the jury was not exposed to extraneous material in the form of juror dePaszthory's dictionary because: (1) jurors Clark and dePaszthory were not credible; (2) jurors Clark and dePaszthory had an unexplained emotional interest in the outcome of the trial; and (3) ten jurors testified that no dictionary was used during the deliberations. The court further found that any exposure to juror Smith's reference to a dictionary definition was harmless beyond a reasonable doubt because she was unsure of the word and no other juror could recall such a reading. Additionally, the court found that any such reading occurred after it read the instructions aloud and before the jury received a written copy of the instructions. Based upon this evidence, the district court denied Sterner's motion for a new trial. We agree.
 
 
 7
 * Jurors dePaszthory and Clark
 
 
 8
 Jurors dePaszthory's and Clark's testimony contradicted one another and changed throughout the evidentiary hearing. Ms. dePaszthory's affidavit indicated that she brought a dictionary into the jury deliberations and looked up the words "entrapment," "induce" or "inducement," "persuade" and "delivery." In contrast, Ms. Clark's affidavit indicated that the jury only looked up the words "delivery" and "previous," the latter word not mentioned in Ms. dePaszthory's affidavit.
 
 
 9
 In Ms. dePaszthory's affidavit, she implied that there was overt use of the dictionary as different jurors based their arguments on definitions contained therein. She testified that the dictionary was placed on a table. At a hearing, on May 5, 1992, Ms. dePaszthory testified that certain jurors looked up definitions, she read them aloud, and that the entire jury was not listening. Ms. dePaszthory further testified that the jury broke up into small groups. At a continuation of the hearing, on May 8, 1992, Ms. dePaszthory testified that the dictionary rested on her lap under a table. She also testified to a different composition of jurors in the small groups.
 
 
 10
 Ms. Clark's affidavit indicated that Ms. dePaszthory read the definitions aloud to the entire jury. Furthermore, Ms. Clark, a legal assistant in a law firm, wrote both a memorandum to her employer and an article, published in a legal periodical, about her experiences as a juror in this trial and the importance of clarifying the meaning of words contained in jury instructions. Neither the memorandum nor the article contained any reference to the use of a dictionary.
 
 
 11
 Based upon the record before us, we conclude that the district court did not clearly err by finding that there was no reasonable possibility that the jury was exposed to Ms. dePaszthory's dictionary. See United States v. Langford, 802 F.2d 1176, 1180 (9th Cir.1986) (tenuous connection between extraneous information and jury insufficient to support a finding that such information could reasonably have affected the verdict), cert. denied, 483 U.S. 1008 (1987); Steele, 785 F.2d at 749 (no prejudice to defendant based upon jury's unauthorized use of dictionary where record failed to show a reasonable possibility that extraneous information affected the verdict).
 
 II
 Juror Smith
 
 12
 Juror Smith consulted a dictionary and brought the definition of a word, possibly "entrapment," on a piece of paper to the first day of deliberations. Ms. Smith read the definition aloud before the jury received a written copy of the instructions. The jury deliberated for two days and there is no indication in the record that the jury was deadlocked when Ms. Smith read the unknown definition. No other juror recalled Ms. Smith reading aloud any definition. The district court admonished the jury to apply the instructions given by the court. It is undisputed that the evidence against Sterner was overwhelming.
 
 
 13
 Again, based upon the record before us, we conclude that the district court did not err by finding that any possible misconduct by juror Smith was harmless beyond a reasonable doubt. See Kupau, 781 F.2d at 744-45 (jurors use of dictionary harmless beyond a reasonable doubt where, among other things, government's case was clear-cut, words had negligible bearing on the case, and no indication that jury may have been deadlocked); Bagnariol, 665 F.2d at 888-89 (juror's independent library research not prejudicial where research itself was immaterial and irrelevant, overwhelming evidence against the defendants, and trial judge instructed the jury throughout the trial and during summation to consider only evidence produced at trial).
 
 
 14
 The district court therefore did not abuse its discretion by denying Sterner's motion for a new trial. See Steele, 785 F.2d at 749.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Sterner's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3